UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO._____

| | | |
|---|---|---|
| JASON JONES | ) | |
| and HEATHER CLARK | ) | |
| | ) | |
| Plaintiffs | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| TOWN OF MCINTOSH | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT AND REQUEST FOR DECLARATORY, INJUNCTIVE AND EQUITABLE RELIEF AND DAMAGES**

Plaintiffs, JASON JONES and HEATHER CLARK, by and through their undersigned attorney, file this Complaint and Request for Declaratory, Injunctive and Equitable Relief, and allege:

## **PARTIES**

1.     Plaintiffs, JASON JONES and HEATHER CLARK, (collectively "Plaintiffs") reside in the Town of McIntosh within a designated historic preservation/conservation district.

2.     Defendant Town of McIntosh ("Town" or "Defendant") is a political subdivision of the State of Florida organized under the laws of Florida.

## JURISDICTION AND VENUE

3.     This is an action pursuant to 42 U.S.C. § 1983 to redress the City's violation of Plaintiffs' rights under the First and Fourteenth Amendment to the United States Constitution. Plaintiffs additionally seek a declaration that portions of the Town's ordinances impermissibly infringe upon the federal and state constitutional rights of Plaintiffs.

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.     Venue is appropriate in this District as the Town is a municipality in Marion County, Florida.

## FACTS COMMON TO ALL COUNTS

6. On June 7, 2023, Plaintiffs were sent a letter via certified mail informing them that "[o]ur office has received several complaints about the signs/flags that have been placed on your fence without obtaining a Certificate of Appropriateness."

The June 7, 2023 letter, signed by the Town Council's President, is attached as "**Exhibit A**" and incorporated herein by reference.

7.  The letter advises Plaintiffs that "within the Town of McIntosh Historic Preservation District," signage "on the above referenced property requires acquiring a Certificate of Appropriateness (COA)."

8. The letter also states that "it has been reported that you *may* be in violation of the following" (emphasis in original) and identifies and quotes section 6.06.03 of the Town code, which prohibits signs which are "harmful to minors."

9. The letter threatens that "(t)he non-conforming signage must be removed within ten (ten) days of receipt of this notice. Failure to remove the signage by that date shall result in the code violations being referred to the Marion County Code Enforcement for review."

10.     At the time Plaintiffs received the June 7, 2023 letter, the fence enclosing their side yard was adorned with numerous political messages, including statements such as "ABORTION

IS NOT HEALTH CARE," "FUCK BIDEN," "DON'T TREAD ON

MY UTERUS" and "PROTECT WOMEN'S RIGHT TO CHOOSE."

11.      Plaintiffs have also erected pride flags and a flag that

states "Science is Real, Black Lives Matter, No Human is

Illegal, Love is Love, Women's Rights are Human Rights,

Kindness is Everything."

12.      The Town has failed to inform Plaintiffs which signs/flags

are "harmful to minors."

### Code of Ordinances, Town of McIntosh, Florida

13.      Part III of the Mcintosh Code is entitled the "Historic

Town of McIntosh Land Development Code," and is referred to

as the "LDC." A true and correct copy of this Code is attached

as "**Exhibit B**" and incorporated herein by reference.


14.      Section 1.08 of the LDC provides:

> *Sign means any device designed to inform or attract the attention of persons not on the premises upon which the sign is located.*
>
> *Sign, off-site, means a sign other than an on-site sign.*
>
> *Sign, on-site, means a sign relating in its subject matter to the premises upon which it is*

> *located, or to products, accommodations,*
> *services, or activities located on the premises.*

15.     Section 6.06.09 of the LDC, entitled "Signs permitted in the historic preservation/conservation district," states that: "Subject to the other provisions of this section, only signs issued a *certificate of appropriateness* by the McIntosh Preservation Board may be erected in the historic preservation/conservation district." (emphasis added)

16.     A "*certificate of appropriateness*" is defined as "the permit which is required to be issued by the board prior to action as set forth in subsection 3.01.03 b.1.(h). of this LDC."

17.     Section 3.01.03 of the LDC creates the "Register of Historic Places" and contains no criteria whatsoever related to signage or certificates of appropriateness.

18.     The LDC has criteria for issuance of certificates of appropriateness for building permits, and for "material alteration of change in external appearance, erection of new building or structure, or additions to existing buildings and structures," in Section 3.01.04(c) and (d) respectively, as well

as criteria pertaining to demolition, relocation of a building or structure, and site alteration. *See* Section 3.01.04 (e-g), LDC.

19.     The LDC is notably devoid of any criteria guiding the town preservation board's review of an application for a certificate of appropriateness to erect a sign or flag in the historic district.

20.     The LDC also authorizes "[f]lags and insignia of any government, when not displayed in connection with any commercial promotion" in specified districts, including the R-1 district where Plaintiffs reside. § 6.06.04 In other words, Plaintiffs display of an American flag, an Italian flag, or the flag of Kosovo is expressly authorized, but the display of a pride flag or a "Black Lives Matter" flag is not.

21.     Section 6.06.04 also permits "[b]ulletin boards for public, charitable, or religious institutions located on the premises of such institution and not exceeding twelve square feet in area," which is necessarily a content-based (and wholly discretionary) criterion.

22.     Section 6.06.04 permits signs bearing favored messages, for example signs identifying the architect, engineer,

contractor, or subcontractor on the premises of work in progress, signs denoting only the name, address, and business of the occupant of a commercial building, dwelling unit, or public institution, and signs for identification at the entrance of a residence, estate, or farm.

23.      Finally, in Section 6.06.03 the LDC forbids signs that are "harmful to minors," which means:

> *(1)     With regard to sign content, any description or representation, in whatever form, of nudity, sexual conduct, or sexual excitement, when it:*
> *a.      Predominately appeals to the prurient, shameful, or morbid interest of minors in sex;*
> *b.      Is patently offensive to contemporary standards in the adult community as a whole with respect to what is suitable sexual material for minors; and*
> *c.      Taken as a whole, lacks serious literary, artistic, political, or scientific value.*
> *(2)     And includes any nonerotic word or picture when it:*
> *a.      Is patently offensive to contemporary standards in the adult community as a whole with respect to what is suitable for viewing by minors; and*
> *b.      Taken as a whole, lacks serious literary, artistic, political, or scientific value.*

### *The Historic Town of McIntosh Land Development Code is Facially Unconstitutional*

24.   The LDC is facially unconstitutional as it impermissibly regulates speech based upon content, is not supported by a compelling government interest, and is not narrowly tailored.

25.   The LDC permits flags based upon their content. The Town cannot demonstrate that its content-based LDC provision is narrowly tailored to serve a compelling governmental interest.

26.   Furthermore, the LDC lacks sufficient criteria to apply in considering applications for certificates of appropriateness for signage in the historic district and thereby reposes unguided and standardless discretion in governmental officials.

27.   The LDC's regulation of protected speech invokes and cannot survive strict scrutiny. Even if it were content neutral, it would not survive intermediate scrutiny.

28.   Section 6.06.09 of the LDC is facially unconstitutional as it requires a resident of the historic district to obtain a "certificate of appropriateness" to erect a sign, but the LDC contains no criteria whatsoever to guide members of the town preservation

board in its consideration of whether to issue or deny a "certificate of appropriateness" for a sign.

29.  Section 6.06.04 is facially unconstitutional in that it contains a content-based restriction on displaying flags, is not supported by a compelling government interest, and is not narrowly tailored.

30.  Section 6.06.03 of the LDC forbidding signs that are "harmful to minors," is facially unconstitutional in that it contains a content-based restriction on displaying signs that is not supported by a compelling government interest, is not narrowly tailored and is unconstitutionally vague.

31.  In short, the identified portions of the LDC regulate not based upon objective, content-neutral criteria, but rather on the content-based, subjective whim of Town officials.

### *The Historic Town of McIntosh LDC is Unconstitutional as Applied to Plaintiffs*

32.  The Town's June 7, 2023 notification demanding that Plaintiffs remove all of their signs and flags or face prosecution abridges their constitutional rights. The Town applied unlawful criteria and/or no criteria at all in commanding that Plaintiffs

take down their signs and flags or face prosecution by Marion County Code Enforcement, and unlawfully based its directive on social media posts and public sentiment.

33.   The complete absence of criteria governing issuance of a "certificate of appropriateness" for signs and/or flags led to the threat of enforcement based upon the whim and caprice of the Town council.

34.   The Town council singled out Plaintiffs for disparate treatment by ignoring other residents who display flags, signs, and messages without having been granted a "certificate of appropriateness" by the Town's preservation board.   The Town's treatment of Plaintiffs denied them equal protection of the laws.

**<u>ADDITIONAL GENERAL ALLEGATIONS</u>**

35.   The above-described actions of the Town were taken under color of state law and pursuant to the Town's official custom, practice or policy.

36.   Plaintiffs have suffered and will continue to suffer irreparable harm as their First Amendment rights have been penalized and will continue to be chilled until the Court invalidates the above

referenced sections of the LDC and enjoins their unlawful enforcement.

37.    Plaintiffs lack an adequate remedy at law for the deprivation of their rights.

38.    Injunctive relief would serve the public interest by promoting free speech and First Amendment values protected by the Constitution, as well as confining the Town's regulation within proper limits.

39.    Moreover, Plaintiffs are in doubt as to their rights to displaying messaging of any sort and a declaration of this Court determining Plaintiffs' rights would remove such uncertainty and prevent unlawful enforcement by the Town in the future.

40.    Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

41.    All conditions precedent to the maintenance of the causes of action alleged herein, if any, have occurred, been waived, or are otherwise satisfied.

## COUNT I

## SECTION 6.06.09 OF THE LDC IS FACIALLY UNCONSTITUTIONAL

42.   Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 19, 24, 26, 28, 31-33 and 35-41 as if set forth verbatim herein.

43.   Section 6.06.09 of the LDC is facially unconstitutional as it requires a resident of the historic district to obtain a "certificate of appropriateness" to erect a sign, but the LDC contains no criteria whatsoever to guide members of the town preservation board in its consideration of whether to issue or deny a "certificate of appropriateness" for a sign.

44.   Section 6.06.09 of the LDC grants unbridled discretion to town officials to grant or deny "certificates of appropriateness" without setting forth any criteria.

45.   Section 6.06.09 of the LDC grants unfettered discretion to town officials to license speech.

46.   Section 6.06.09 of the LDC is a facially impermissible restriction on speech because it burdens more speech than necessary to accomplish the given objective.

47.   It has long been recognized that granting "unrestrained discretion to an official responsible for monitoring and regulating First Amendment activities is facially unconstitutional." *Atlanta Journal & Const. v. City of Atlanta Dept. of Aviation*, 322 F.3d 1298, 1311 (11th Cir. 2003) (citing *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755-56 (1988).

48.   Because Section 6.06.09 of the Town code is constitutionally invalid on its face, the Town should be prevented from enforcing Section 6.06.09.

49.   Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to compensation for the damages they have suffered as a result of the Town's unconstitutional ordinance, and, pursuant to 42 U.S.C. § 1988, reimbursement for all reasonable costs, including attorneys' fees, of bringing this lawsuit to assert its and others' constitutional rights.

**WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Section 6.06.09 of the LDC, is facially unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, temporary and permanent injunctive relief

prohibiting   Defendant   from   enforcing   Section   6.06.09,
compensatory damages, and attorneys' fees and costs pursuant to
§ 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT II

### AS APPLIED FIRST AMENDMENT CHALLENGE TO SECTION 6.06.09 OF THE LDC

50.   Plaintiffs incorporate by reference the allegations in
Paragraphs 1 through 19, 24, 26, 28, 31-33 and 35-41 as if set
forth verbatim herein.

51.   On June 7, 2023, the Town threatened Plaintiffs with legal
action if Plaintiffs did not remove their "signs/flags."

52.   Plaintiffs face a genuine threat of imminent prosecution.

53.   The conduct of the Town abridges the rights of Plaintiffs to
speak on matters of public concern, threatens to impose
unlawful penalties for Plaintiffs' speech, and has created a
chilling effect on Plaintiffs' efforts to support women's rights and
promote racial equity within the Town.

54.   Save applying for a "certificate of appropriateness" for their
political signs and flags, which will be granted or denied by the
Town's preservation board pursuant to non-existent criteria,

Plaintiffs have not been provided "ample alternative channels for communication of the information."

55.   The complete absence of criteria governing issuance of a "certificate of appropriateness" for signs and/or flags in the historic district as required under Section 6.06.09 of the Town code led to the threat that Plaintiffs would be subject to an enforcement action based solely upon the whim and caprice of the Town council.

56.   Section 6.06.09 of the Town code does not advance a substantial government interest in a way that does not substantially burden more speech than necessary.

57.   As a direct and proximate result of the Town's violations of their constitutionally protected rights, Plaintiffs suffered damages including emotional distress.

**WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Defendants actions constituted a violation of Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from enforcing Section 6.06.09, compensatory damages, attorneys' fees

and costs pursuant to § 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT III

### SECTION 6.06.04 OF THE LDC IS FACIALLY UNCONSTITUTIONAL

58.   Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 12, 20-22, 24-25, 27, 29 and 32-41 as if set forth verbatim herein.

59.   Section 6.06.04 is facially unconstitutional in that the provision contains content-based distinctions which restrict free speech, is not supported by a compelling government interest, and is not narrowly tailored.

60.   Section 6.06.04 identifies eight (8) categories of signs that may be erected in the AC, R-1, R-2, and R-4 districts within the Town, "[s]ubject to the other provisions of this section."

61.   Among the authorized "signs" are "[f]lags and insignia of any government, when not displayed in connection with any commercial promotion."

62.   This is unequivocally a content-based restriction on free speech, Plaintiffs are authorized to fly the American Flag or the

State of Florida flag or even the Russian flag, but not a pride flag, or flags promoting women's rights or racial equality.

63.   The Town's purported interest in minimizing "distractions to motorists and prevent interference with traffic safety" and "preserving the town's scenic and aesthetic characteristics" are not served by distinguishing between government flags and other types of flags.

64.   Section 6.06.04 is not narrowly drawn to serve a compelling government interest and cannot survive strict scrutiny.

65.   Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to compensation for the damages they have suffered as a result of the Town's unconstitutional ordinance, and, pursuant to 42 U.S.C. § 1988, reimbursement for all reasonable costs, including attorneys' fees, of bringing this lawsuit to assert its and others' constitutional rights.

**WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Section 6.06.04 of the LDC is facially unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, temporary and permanent injunctive relief

prohibiting Defendant from enforcing Section 6.06.04, compensatory damages, and attorneys' fees and costs pursuant to § 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT IV

## AS APPLIED FIRST AMENDMENT CHALLENGE TO SECTION 6.06.04 OF THE LDC

66. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 12, 20-22, 24-25, 27, 29 and 32-41 as if set forth verbatim herein.

67. Plaintiffs have been threatened that if they do not take down their political signs/flags they will be subject to a legal action to enforce the Town's code.

68. Plaintiffs face a genuine threat of imminent prosecution.

69. Section 6.06.04 identifies eight (8) categories of signs that may be erected in the AC, R-1, R-2, and R-4 districts within the Town, "[s]ubject to the other provisions of this section."

70. Section 6.06.04 favors some types of speech, for example church bulletin boards, and signs identifying the architect, engineer, contractor, or subcontractor on the premises of work in progress.

71.   Among the authorized "signs" are "[f]lags and insignia of any government, when not displayed in connection with any commercial promotion."

72.   Plaintiffs are displaying flags with political content such as "Abortion is Healthcare" and pride flags which promote equality of LGTBQ individuals.

73.   The conduct of the Town abridges the rights of Plaintiffs to express themselves on matters of public concern, threatens to impose unlawful penalties for Plaintiffs' speech, and has created a chilling effect on Plaintiffs' efforts to support women's rights and promote equality within the Town.

74.   As a direct and proximate result of the Town's violations of their constitutionally protected rights, Plaintiffs suffered damages including emotional distress.

   **WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Defendants actions constituted a violation of Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from enforcing Section 6.06.04, compensatory damages, and attorneys'

fees and costs pursuant to § 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT V

## SECTION 6.06.03 OF THE LDC IS FACIALLY UNCONSTITUTIONAL

75.   Plaintiffs incorporate by reference the allegations in Paragraphs 1-12, 23-24, 30-31 and 35-41 as if set forth verbatim herein.

76.   Section 6.06.03 of the LDC forbids signs that are "harmful to minors."

77.   Harmful to minors is defined as:

> (1)  *With regard to sign content, any description or representation, in whatever form, of nudity, sexual conduct, or sexual excitement, when it:*
> *a.  Predominately appeals to the prurient, shameful, or morbid interest of minors in sex;*
> *b.  Is patently offensive to contemporary standards in the adult community as a whole with respect to what is suitable sexual material for minors; and*
> *c.  Taken as a whole, lacks serious literary, artistic, political, or scientific value.*
> *(2)  And includes any nonerotic word or picture when it:*
> *a.  Is patently offensive to contemporary standards in the adult community as a whole with respect to what is suitable for viewing by*

minors; and

b.    Taken as a whole, lacks serious literary, artistic, political, or scientific value.

78.    The Town's purported interests in minimizing driver distraction, preventing interference with traffic safety and preserving the Town's "scenic and aesthetic characteristics" are not advanced by regulating the content of signs.

79.    Further, aesthetics and traffic safety are not sufficiently compelling interests to justify content-based restrictions on speech. See *Dimmitt v. Clearwater*, 985 F.2d 1565. 1570 (11th Cir. 1993) ("The deleterious effect of graphic communication upon visual aesthetics and traffic safety, substantiated here only by meager evidence in the record, is not a compelling state interest of the sort required to justify content-based regulation of noncommercial speech.)

80.    Further, criteria such as "patently offensive to contemporary standards in the adult community as a whole with respect to what is suitable sexual material for minors" are unconstitutionally vague. See *Am. Booksellers Asso. v. McAuliffe*, 533 F. Supp. 50 (N.D. Ga. 1981)(striking as overbroad and vague an ordinance defining "harmful to minors" in part as "patently

offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors")

81.    Section 6.06.03 the LDC is not "necessary to serve a compelling state interest" and "narrowly drawn to achieve that end." *Solantic, Ltd. Liab. Co. v. City of Neptune Beach*, 410 F.3d 1250,1257 (11th Cir. 2005) (The Neptune Beach sign code fails both aspects of this requirement: the sign code is not narrowly tailored to accomplish the City's asserted interests in aesthetics and traffic safety, nor has our case law recognized those interests as "compelling.")

82.    Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to compensation for the damages they have suffered as a result of the Town's unconstitutional ordinance, and, pursuant to 42 U.S.C. § 1988, reimbursement for all reasonable costs, including attorneys' fees, of bringing this lawsuit to assert its and others' constitutional rights.

    **WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Section 6.06.03 of the LDC is facially unconstitutional under the First and Fourteenth Amendments to

the U.S. Constitution, temporary and permanent injunctive relief prohibiting Defendant from enforcing Section 6.06.03, compensatory damages, and attorneys' fees and costs pursuant to § 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT VI

## AS APPLIED FIRST AMENDMENT CHALLENGE TO SECTION 6.06.03 OF THE LDC

83. Plaintiffs incorporate by reference the allegations in Paragraphs 1-12, 23-24, 30-31 and 35-41 as if set forth verbatim herein.

84. The Town has targeted Plaintiffs for prosecution because they "may be in violation" of Section 6.06.03.

85. Plaintiffs face a genuine threat of imminent prosecution.

86. The criteria that govern the determination of whether the messages or images depicted upon Plaintiffs' flags and/or signs are "harmful to minors" in violation of Section 6.06.03 are impermissibly vague.

87. Section 6.06.03 fails to inform either Plaintiffs or Town officials what political speech (or other type of speech) is prohibited.

88.   Further, Section 6.06.03 of the LDC is not "necessary to serve a compelling state interest" or "narrowly drawn to achieve that end."

89.   The conduct of the Town abridges the rights of Plaintiffs to express themselves on matters of public concern, threatens to impose unlawful penalties for Plaintiffs' speech, and has created a chilling effect on Plaintiffs' efforts to support women's rights and promote equality within the Town.

90.   As a direct and proximate result of the Town's violations of their constitutionally protected rights, Plaintiffs suffered damages including emotional distress.

   **WHEREFORE** Plaintiffs Jason Jones and Heather Clark demand judgment against Defendant Town of McIntosh for declaratory relief that Defendants actions constituted a violation of Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from enforcing Section 6.06.03, compensatory damages, and attorneys' fees and costs pursuant to § 42 U.S.C. 1988, and all other relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims triable.


Respectfully submitted this 19th day of June, 2023.


**Marcy I. LaHart, PA**

s/ *Marcy I. LaHart*
Marcy I. LaHart, Esquire
Florida Bar No. 0967009
207 SE Tuscawilla Rd
Micanopy, FL 32667
(352) 545-7001(telephone)
(8880 400-1464 (facsimile)
marcy@floridaanimallawyer.com